**Robert H. SAUNDERS, Plaintiff below, Appellant.**

v.

**STATE of Delaware, Defendant below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 19, 1978.

Decided Jan. 8, 1979.

Morton Richard Kimmel and Michael Weiss, of Kimmel & Spiller, PA., Wilmington, for plaintiff below, appellant.

Fred S. Silverman, Asst. Atty. Gen., Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., McNEILLY, J., and BROWN, Vice-Chancellor.

PER CURIAM:

Defendant appeals from the Superior Court's denial of his Petition for a Writ of Habeas Corpus, relying upon the statement of facts and contentions set forth in defend-

ant's *pro se* affidavit which was annexed to and made the basis of his Petition in the Superior Court.*

For a better understanding of this appeal a chronological statement of events is necessary beginning on March 31, 1976 with defendant's Superior Court trial on charges of criminal solicitation in the second degree and conspiracy in the second degree. At the end of the second day of trial, defendant, being free on bail absented himself from the State but was apprehended in Pennsylvania on a federal bank robbery charge. Being unable to post bail on the bank robbery charge defendant was housed at the Delaware Correctional Center pursuant to a contract entered into between Del-

aware and the United States for the safekeeping of federal prisoners. The next day following his apprehension a writ of *habeas corpus ad prosequendum* was issued by the Superior Court directing the United States Marshal to produce the defendant before the Superior Court on April 8, 1976 for completion of the trial begun March 31, 1976. Following defendant's conviction in Delaware on the state charges, defendant was taken to Pennsylvania for further proceedings on the federal robbery charge, subject to a state detainer in the form of a commitment on the state convictions. Defendant posted bail on the federal charge, but was returned to Delaware pursuant to the Delaware detainer. Again he was tak-

---

* Defendant's affidavit reads as follows:

> "State of Delaware )(
> New Castle County )(
>
> BE IT REMEMBERED that on this _____ day of November, 1977, A.D., before me _____, a Notary Public personally appeared Robert Saunders who being by me duly sworn deposes and says:
>
> 1. That on June 28, 1976, he was sentenced by Honorable Charles R. Weiner of the United States District Court for the Eastern District of Pennsylvania to a fourteen year prison sentence.
>
> 2. On July 2, 1976 that Robert Saunders was sentenced by Honorable Vincent A. Bifferato to two seven year sentences, which where to run consecutive to each other, but concurrent to the sentence imposed by Honorable Charles R. Weiner.
>
> 3. On June 13, 1977, the sentence and conviction that was imposed by Honorable Vincent A. Bifferato, was reversed by the Delaware State Supreme Court. On August 18, 1977 their was a order of nolle prosequi signed in regard to these reversed cases by George H. Seitz, III., Chief Deputy Attorney General.
>
> 4. On or about June 2, 1977, Robert Saunders was sentenced by Honorable Joseph J. Longobardi, Superior Court of the State of Delaware to six concurrent life sentences.
>
> 5. Robert Saunders contends that once there was a reversal of the sentences imposed by Honorable Vincent A. Bifferato, he should have been transferred to a federal institution to start to serve the sentence that was imposed by Honorable Charles R. Weiner, which was the first sentence that was imposed.
>
> 6. The record of Superior Court will reflect that Honorable Joseph J. Longobardi never stated that his sentence ran concurrent with the sentence that was imposed by Hon-

orable Charles R. Weiner of the Eastern District of Pennsylvania.

> 7. Defendant states that the whole sentencing process which was conducted by Honorable Joseph J. Longobardi was a direct violation of the due process clause and Superior Court did not have the legal right to ignore the sentence that was imposed by the United States District Court for the Eastern District of Pennsylvania. Considering this is the first sentence that the defendant ever received.
>
> 8. There was never any contractual agreement entered into, between the United States Government and the State of Delaware as to the housing of the defendant to serve his federal sentence in a Delaware institution. The transcript of the sentencing procedure in the United States District Court for the Eastern District of Pennsylvania will show that it was the recommendation of Honorable Charles R. Weiner that the defendant would serve his federal sentence at U.S. Prison Atlanta, Georgia.
>
> 9. Defendant contends that he is being held in the Delaware Correctional illegally and in violation of his Constitutional Rights, also the sentencing procedure used by Honorable Joseph J. Longobardi is illegal on its face, and should be made void.
>
> 10. Defendant states that the Warden of the Delaware Correctional Center in using the federal sentence that was imposed, to keep the defendant from being classified out of the maximum security building. Stating that the federal sentence is to be served following the state sentence.
>
>     Robert Saunders
>
> SWORN TO and SUBSCRIBED before me this 3rd day of Nov., 1977.
>
>     Frederick B. Clemence
>         Notary Public
> My commission expires _October 28, 1978_

**550**

en to Pennsylvania; pled guilty to the federal bank robbery charge; was sentenced to a fourteen-year prison term, and returned to Delaware pursuant to the previously lodged detainer. Defendant was sentenced to fourteen years in prison on his state convictions which were subsequently reversed by this Court and *nolle prossed* in the Superior Court. *See United States ex rel Saunders v. Redman, et al.*, D.Del., Civil Action Nos. 76–353, 77–3 (January 26, 1977) (unreported memorandum opinion); *Saunders v. State*, Del.Supr., 375 A.2d 453 (1977).

During the interim between sentencing and reversal on the charges of criminal solicitation and conspiracy, defendant was convicted in the Superior Court of murder in the first degree and was sentenced to life imprisonment.

It is this interim period of time which is in issue here. The defendant basically claims that because the charges for which he was originally taken from federal custody were *nolle prossed* and no new detainer was filed on the state murder charge, he should have been returned to the federal authorities and, additionally, because the sentence imposed by the Superior Court on the state murder charge ignored the federal bank robbery sentence contrary to due process, he is illegally detained.

Defendant challenges his present detention in this state as being violative of the Interstate Agreement on Detainers. 11 *Del.C.* Chapter 25, Subchapter II. Defendant's affidavit which he relies upon as stating reasons why a Writ of Habeas Corpus should issue does not particularize the provisions of the Act violated. Neither do his stated reasons violate the policy and purpose of the Act which is ". . . to encourage the expeditious and orderly disposition of such charges [outstanding against a prisoner] and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." 11 *Del.C.* § 2540. See also *United States ex rel Saunders v. Redman, et al.*, supra. Defendant's challenges to his present detention have no support in law.

\* \* \* \* \* \*

Affirmed.